EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5774
 Fax: (415) 703-5843
 Email: Stacey.Schesser@doj.ca.gov

Attorneys for Respondent Warden Ben Curry
SF2008401322

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| DANIEL RICO,<br><br>             Petitioner,<br><br>     v.<br><br>BEN CURRY, Warden,<br><br>             Respondent. | C 07-5103 MMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: The Honorable Maxine M. Chesney |
|---|---|

TO PETITIONER DANIEL RICO, IN PRO SE:

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden of the Correctional Training Facility, moves this Court to dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Federal Rules Governing Habeas Cases, on the grounds that Rico has not sufficiently pled his claim. No hearing is requested. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the Court records in this action, and other such matters properly before this Court.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Rico is an inmate at the Correctional Training Facility, serving an indeterminate life sentence for second degree murder. (Pet. at 2.) Rico alleges that the Board of Parole Hearings improperly denied him parole at a parole consideration hearing. However, as this Court notes in the Order to Show Cause, Rico neither specifies which hearing he challenges nor includes any exhibits that identify the hearing at issue. Moreover, he fails to state any specific facts to support his claim. Accordingly, Rico has not established a prima facie case habeas relief, and the petition should be dismissed.

## ARGUMENT

### RICO DOES NOT ALLEGE SPECIFIC INFORMATION SUFFICIENT FOR ENTITLEMENT TO HABEAS RELIEF.

Rico does not allege his claims with sufficient specificity to establish standing or to warrant habeas relief. In order to satisfy the standing requirement of Article III of the Constitution, Rico "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Additionally, Rico fails to satisfy his burden of proving his constitutional claims. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004), *cert. dismissed*, 545 U.S. 1165 (2005). He must do this by alleging specific facts in support of his claims, as conclusory allegations do not state a basis for habeas relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). A petition that fails to state any facts warranting the relief sought is procedurally incorrect and need not be considered by the court. *Soewapadji v. Wixon*, 157 F.2d 289, 290 (9th Cir. 1946); see also Federal Rules Governing § 2254 Cases, Rule 2(c)(2) (requiring petitioner to state the facts supporting each ground).

Here, Rico claims that the Board unconstitutionally denied him parole; however, he provides neither the date of the challenged parole consideration hearing nor any specific details to support his claim. The only reference Rico makes to a parole hearing in his seven-page Petition is "the Board's continued denial's [sic] of a parole date based on the circumstances of the

1  commitment offense for the second time violates due process . . ." (Pet. at 6.)  However, without
2  attaching any exhibits or stating the date of the hearing explicitly, it is unclear if Rico is referring
3  to his second hearing while incarcerated or whether he is claiming that this is the second
4  occasion on which the Board relied on his commitment offense to deny parole.  As such, he fails
5  to satisfy his burden of establishing standing or entitlement to habeas relief.  It is impossible for
6  Respondent to respond to Rico's allegations when he does not indicate what decision he is
7  challenging or the specific way in which the decision violated his right.

8   Rico's reference to state court petitions filed for purposes of exhaustion does not satisfy his
9  burden of identifying the challenged hearing.  Respondent should not be required to research
10 Rico's previously filed state court petitions or his entire parole consideration hearing history in
11 order to respond to his claims.  *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a federal habeas
12 petitioner does not fairly present his federal claim if the district court must read beyond the
13 petition or brief to determine that he is in fact alleging a federal claim).  Moreover, because Rico
14 fails to identify which hearing he is challenging, Respondent cannot confirm that the hearing
15 challenged in the referenced state court proceedings is the same hearing challenged in the current
16 petition.  Thus, Respondent is unable to determine whether Rico has exhausted his state court
17 remedies, whether the petition is timely, or whether the petition is improper under any other
18 procedural bar.

19   Because he neither identifies which parole consideration hearing he challenges nor provides
20 any other specific facts to support his claim, Rico's claim is too conclusory to establish standing
21 or entitlement to habeas relief.  The petition should be dismissed accordingly.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Not. of Mot. and Mot. to Dismiss; Mem. of P. & A.    *Rico v. Curry*
                                                     C 07-5103 MMC

**CONCLUSION**

Rico provides neither the date of the challenged parole consideration hearing nor any specific details to support his claim. As such, his claims are too vague and conclusory to establish standing or entitlement to habeas relief. For this reason, Respondent respectfully requests that the Petition be dismissed.

Dated: July 16, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

*/s/ Stacey D. Schesser*

STACEY D. SCHESSER
Deputy Attorney General
Attorneys for Respondent

20122554.wpd
SF2008401322

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Rico v. Curry**

No.:   **C 07-5103 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 16, 2008, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS;**
**MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Daniel Rico, H-95412**
**Correctional Training Facility**
**Central F-227L**
**P.O. Box 689**
**Soledad, CA 93960-0686**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 16, 2008, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | *[signature]* |
| Declarant | Signature |

20124071.wpd