United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RICO, | No. C 07-5103 MMC (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; GRANTING PETITIONER'S MOTION TO AMEND; ORDERING RESPONDENT TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE GRANTED; DIRECTIONS TO CLERK** |
| vs. | |
| BEN CURRY, | |
| Respondent. | |
| _____ | **(Docket Nos. 6, 7 & 8)** |

On October 3, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole by the California Board of Parole Hearings ("Board"). After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition for lack of specificity. See 28 U.S.C. § 2254(b); Rules Governing Habeas Corpus Cases ("Habeas Rules"), Rule 2(c)(2). Petitioner has filed opposition,[1] and respondent has filed a reply.

//

//

---

[1] Petitioner's motion for an extension of time to file his opposition is hereby GRANTED, and petitioner's opposition is deemed timely filed. (Docket No. 7.)

**BACKGROUND**

According to the allegations in the petition, in 1993, in the Superior Court of Los Angeles County, petitioner was convicted of second degree murder with the use of a firearm, and sentenced to a term of sixteen years to life in state prison. The Board subsequently found petitioner unsuitable for parole. The date of the Board's decision is not stated in the petition.

After the Board found petitioner unsuitable for parole, petitioner filed petitions for a writ of habeas corpus in the Los Angeles County Superior Court, the California Court of Appeal, and the Supreme Court of California, challenging, in each instance, the Board's determination. On August 8, 2007, the California Supreme Court denied the last of said petitions.

Petitioner maintains he is entitled to federal habeas relief on the following grounds: (1) the Board's failure to set a parole date "for the second time" violated petitioner's protected liberty interest in release on parole under California Penal Code § 3041, as well as petitioner's right to due process; (2) the Board's determination was not supported by sufficient evidence, in violation of § 3041 and due process; and (3) the Board's decision was an abuse of discretion. (Pet. at 6.)

By order dated April 10, 2008, the Court summarized petitioner's legal arguments as follows: "Petitioner claims the Board violated his federal constitutional right to due process by denying him parole without sufficient evidence to support its decision that his release would pose an unreasonable risk to public safety." The Court determined that, when liberally construed, petitioner's claim is cognizable, and directed respondent to file a response to the petition.

**DISCUSSION**

A.   Motion to Dismiss

Respondent moves to dismiss the instant petition for lack of specificity. In particular, respondent asserts that petitioner fails to allege the date of the parole hearing he is challenging and does not allege specific facts in support of his claims for relief. Consequently, respondent maintains, he is unable either to determine whether petitioner has

2

exhausted his state court remedies or to address the merits of the claims.

In opposition, petitioner states he is challenging his February 7, 2006 parole hearing, that such should have been clear to respondent because petitioner has only had two parole hearings and respondent's attorney could have conducted a "cursory" review of petitioner's state court records to determine which hearing petitioner is challenging, and that the claims for relief are sufficiently specific to allow a response thereto.

In reply, respondent argues that the initial burden is on petitioner to present non-conclusory claims for relief, and by failing to allege sufficient facts in support of his claims petitioner has not done so.

In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Habeas Rule 2(c), however, requires a more detailed statement; specifically, the habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Habeas Rule 2(c)(1)-(2). One of the chief purposes of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970).

District courts are required to liberally construe pro se habeas corpus petitions. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001). Here, upon initial review of the petition, the Court determined that, when liberally construed, petitioner's allegations stated cognizable claims for relief. Having considered the parties' arguments in support of and in opposition to the motion to dismiss, the Court concludes, however, that petitioner's allegations do not meet the requirements of Habeas Corpus Rule 2(c). In particular, petitioner has failed to allege with specificity which parole hearing he is challenging and the factual bases for his legal challenges. Under such circumstances, the burden cannot be

1 shifted to respondent to answer the petition. Accordingly, respondent's motion to dismiss the
2 instant petition will be granted.

3 B.     Amended Petition

4 Together with his opposition to the motion to dismiss petitioner has filed a motion for
5 leave to file an amended petition to cure the pleading deficiencies noted above. Petitioner
6 has attached an amended petition to his motion.

7 The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15,
8 made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure
9 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with leave of court at any
10 appropriate time during a proceeding. Mayle, 545 U.S. at 654-55. Where a petition is
11 deficient the petitioner should be given leave to amend, unless it appears that no tenable
12 claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14
13 (9th Cir. 1971). Here, petitioner's pleading deficiencies are amenable to being cured, and a
14 review of the amended petition shows petitioner has pled sufficient facts therein to shift the
15 burden to respondent to answer the petition.

16 Accordingly, petitioner's motion to amend will be granted, the Clerk of the Court will
17 be directed to file and docket the amended petition, and respondent will be ordered to
18 respond to the amended petition.

## CONCLUSION

20 For the reasons stated above, the Court orders as follows:

21 1. Respondent's motion to dismiss is hereby GRANTED. (Docket No. 6.)

22 2. Petitioner's motion to file an amended petition is hereby GRANTED. (Docket No.
23 8.) <u>The Clerk shall file and docket the amended petition submitted by petitioner together
24 with his motion to amend the petition.</u>

25 3. Respondent shall file with the Court and serve on petitioner, within **ninety (90)**
26 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the
27 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not
28 be granted based on petitioner's cognizable claims. Respondent shall file with the answer

4

and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 6, 7 and 8.

IT IS SO ORDERED.

DATED: November 24, 2008

MAXINE M. CHESNEY
United States District Judge