United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RICO,<br><br>    Petitioner,<br><br>  vs.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____ | No. C 07-5103 MMC (PR)<br><br>**ORDER DENYING MOTION TO DISMISS PETITION AS MOOT; DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS**<br><br>**(Docket No. 16)** |

On October 3, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility at Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the California Board of Parole Hearings' ("Board") denial of parole at petitioner's 2006 parole suitability hearing. After an answer to the petition and a traverse to the answer had been filed, respondent filed the instant motion to dismiss the petition as moot. Petitioner has opposed the motion and respondent has filed a reply.

## BACKGROUND

In 1993, in the Superior Court of Los Angeles County, petitioner was convicted of second degree murder with the use of a firearm. He was sentenced to a term of sixteen years to life in state prison.

On February 7, 2006, the Board found petitioner unsuitable for parole. (Ans. Ex. A.)

Subsequently, the California courts denied petitioner's applications for habeas relief challenging the Board's determination. (Ans. Exs. C, E , G.)

On October 3, 2007, petitioner filed the instant petition, claiming the Board violated his federal constitutional right to due process by denying him parole without sufficient evidence to support its decision that his release would pose an unreasonable risk to public safety. (Pet. at 6.)

On February 23, 2009, respondent filed an answer to the petition; on March 25, 2009, petitioner filed a traverse. (Docket Nos. 14 & 15.)

While the instant petition was being briefed, the Board, in 2007, held a subsequent parole hearing at which petitioner again was found unsuitable for parole. In re Rico, 171 Cal. App. 4th 659, 664 (2009). Thereafter, the superior court denied petitioner's state habeas petition challenging the Board's decision, but the California Court of Appeal granted petitioner habeas relief, concluding that the Board's decision to deny parole was not supported by sufficient evidence that petitioner's release would pose an unreasonable threat to public safety. Id. at 673-86. The Court of Appeal determined that because there was an absence of evidence to support the Board's determination, the proper remedy was not for the Board to reconsider its parole decision, but rather to conduct a new parole suitability hearing at which it must find petitioner suitable for parole "unless new information, either previously undiscovered or discovered subsequent to the 2007 hearing, supports a determination that [petitioner] poses an unreasonable risk of danger if released on parole." Id. at 688.

Following the Court of Appeal's remand, the Board, in March 2009, found petitioner suitable for parole. (Mot. to Dismiss Ex. 1.) Thereafter, on August 19, 2009, Governor Schwarzenegger reversed the Board's decision, finding petitioner would pose an unreasonable risk of danger to the public if released. (Mot. to Dismiss Ex. 2.)

Petitioner has not filed a federal habeas petition challenging the Governor's reversal.

**DISCUSSION**

A.  Motion to Dismiss

Respondent moves to dismiss the instant petition on the ground petitioner's challenge

2

to the Board's 2006 parole determination has been rendered moot by the Board's subsequent determination, in March 2009, that petitioner is suitable for parole.

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted).

Respondent argues the petition is moot because petitioner already has received the relief to which he would be entitled if the instant petition were successful. Specifically, according to respondent, the only remedy available to petitioner would be an order by the Court vacating the Board's 2006 decision and remanding the case back to the Board with instructions to hold a new hearing in accordance with due process. Because, the Board, however, held a subsequent hearing in 2009, at which it granted petitioner parole, respondent contends petitioner's asserted injury cannot now be redressed by a favorable judicial decision by the Court.

In opposition to respondent's motion, petitioner counters that the Court may craft an appropriate equitable remedy that is not limited to ordering another hearing by the Board. The Court agrees.

Federal habeas courts are invested with "broad discretion in conditioning a judgment granting habeas relief" and "dispos[ing] of habeas corpus matters 'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243). Here, the parties have not cited, nor is the Court aware of, any federal case holding that the sole remedy available to a federal habeas court that grants a habeas petition challenging the denial of parole on evidentiary grounds is a remand to the Board for a new hearing. See Milot v. Haws, 628 F. Supp. 2d 1152, 1156 (C.D. Cal. 2009). In support of his argument that a new hearing is the only remedy available to petitioner, respondent relies on Benny v. United States Parole Comm'n, 295 F.3d 977, 984-85 (9th Cir. 2002), in which the Ninth Circuit held the proper remedy for the United States Parole Commission's failure to hold a

3

1 statutorily-required early parole termination hearing was not an order directing the
2 petitioner's automatic release, but, rather, an order directing a hearing be held.  Contrary to
3 respondent's argument, however, Benny does not stand for the proposition that a hearing is
4 the sole remedy available when a petitioner's due process right to a hearing has been
5 violated; rather, the case holds only that a delay in providing a parole hearing does not
6 compel the petitioner's immediate release.

7     In the instant petition, petitioner does not argue the Board delayed his hearing;
8 instead, he challenges the sufficiency of the evidence relied upon by the Board to deny him
9 parole.  In a similar case affirming the district court's grant of habeas relief where the
10 Board's decision to deny parole was not supported by sufficient evidence of current
11 dangerousness, the Ninth Circuit recently held that, under such circumstances, it was proper
12 for the district court to order the Board to set a parole date for the petitioner within thirty
13 days, rather than remand the matter to the Board for a new hearing.  See Pirtle v. California
14 Board of Prison Terms, – F.3d –, 2010 WL 2732888, at *8 (9th Cir. July 12, 2010); see also
15 Milot, 628 F. Supp. 2d at 1159 & n.3 (noting futility of remanding case to Board where
16 federal court finds evidence insufficient to sustain Board's unsuitability determination;
17 ordering Board to find petitioner suitable for parole, calculate parole term and set release
18 date); Opalec v. Curry, 556 F. Supp. 2d 1036, 1045 (N.D.Cal. 2008) (same).  Additionally,
19 the Ninth Circuit has affirmed a district court's order requiring an inmate's immediate release
20 after finding the Board had denied parole in violation of due process.  See McQuillion v.
21 Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003); see also Blankenship v. Kane, 2007 WL
22 2214102, at *3-4 (N.D.Cal. July 30, 2007) (amended order) (ordering prisoner's immediate
23 release where no evidence supported Governor's reversal of Board's finding of parole
24 suitability).

25     Based on the above, the Court rejects respondent's argument that the petition is moot
26 by reason of petitioner's having been granted parole by the Board in 2009 and thus assertedly
27 has received all of the relief this Court could provide.  In particular, should petitioner succeed
28 on the merits of the instant petition, the Court, under existing Ninth Circuit case law, will not

be limited to considering as a remedy the propriety of ordering a new hearing. Consequently, the motion to dismiss will be denied.

B.    Order for Supplemental Briefing

Subsequent to the parties' respective filings of the answer and traverse in the instant matter, the Ninth Circuit issued a decision addressing important issues relating to federal review of parole decisions. See Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc). Consequently, the parties will be directed, as provided below, to file supplemental briefs setting forth their respective views as to the effect, if any, of the Hayward en banc decision on the Court's determination of the instant petition.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Respondent's motion to dismiss the petition as moot is hereby DENIED.

2. No later than **ten days from the date this order is filed,** respondent shall send to petitioner a copy of the Hayward en banc decision.

3. No later than **twenty days from the date this order is filed,** respondent shall file and serve on petitioner a supplemental brief addressing the impact of Hayward on the instant action.

4. No later than **twenty days from the date respondent's supplemental brief is filed,** petitioner shall file and serve on respondent either a supplemental brief addressing the impact of Hayward on the instant action or a notice that he does not intend to file such a brief.

5. The parties' respective supplemental briefs shall not exceed fifteen pages in length.

6. The matter will be deemed submitted on the date petitioner's supplemental brief is due. No extensions of time will be granted to file the supplemental briefs absent a showing of exceptional circumstances.

This order terminates Docket No. 16.

IT IS SO ORDERED.

DATED: August 6, 2010

_____
MAXINE M. CHESNEY
United States District Judge