1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL RICO,                                    )    No. C 07-5103  MMC (PR)
                                                )
                    Petitioner,                 )    **ORDER DENYING PETITION FOR**
                                                )    **WRIT OF HABEAS CORPUS;**
      vs.                                       )    **DENYING CERTIFICATE OF**
                                                )    **APPEALABILITY**
BEN CURRY, Warden,                              )
                                                )
                    Respondent.                 )
_____                 )

       On October 3, 2007, petitioner, a California prisoner incarcerated at the Correctional

Training Facility at Soledad and proceeding pro se, filed the above-titled petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the California Board

of Parole Hearings ("Board") to deny petitioner parole at petitioner's 2006 parole suitability

hearing.  After petitioner filed an amended petition ("AP") to cure certain pleading

deficiencies, respondent filed an answer to the AP and petitioner filed a traverse.

       Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d

546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas

review of Board decisions denying parole to California state prisoners.  After the parties filed

supplemental briefs explaining their views of how the Hayward en banc decision applies to

United States District Court

For the Northern District of California

1  the facts presented in the instant petition, the United States Supreme Court filed its opinion in

2  Swarthout v. Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 (U.S. Jan. 24, 2011) (per

3  curiam), which opinion clarifies the constitutionally required standard of review applicable to

4  the claims raised herein.

5       For the reasons discussed below, the petition will be denied.

6                              **BACKGROUND**

7       In 1993, in the Superior Court of Los Angeles County ("Superior Court"), petitioner

8  was convicted of second degree murder with the use of a firearm.  He was sentenced to a

9  term of sixteen years to life in state prison.  The judgment of conviction was affirmed on

10  appeal, and the California Supreme Court denied review.

11       Petitioner's second parole suitability hearing, which is the subject of the instant

12  petition, was held on February 7, 2006.  At the conclusion of the hearing, the Board, after

13  discussing the facts of the commitment offense with petitioner, reviewing his mental health

14  reports as well as social and criminal history, and evaluating his progress while incarcerated,

15  found petitioner was not yet suitable for parole and would pose an unreasonable risk of

16  danger to society or threat to public safety if released from prison.  (Resp't Answer to Order

17  to Show Cause ("Answer") Ex. A at 65-72.)[1]

18       After he was denied parole, petitioner filed a petition for a writ of habeas corpus in the

19  Superior Court, challenging the Board's decision.  In an opinion issued February 22, 2007,

20  the Superior Court denied relief, finding the Board properly applied state parole statutes and

21  regulations to reach its decision.  (Ex. C.)  Petitioner then filed a petition for a writ of habeas

22  corpus in the California Court of Appeal.  In in an opinion issued May 4, 2007, the appellate

23  court denied the petition, finding the Board properly applied state law to find petitioner

24  unsuitable for parole.  (Ex. E.)  Additionally, the appellate court found the Board's reliance

25  on the circumstances of the commitment offense to deny parole did not violate petitioner's

26  right to federal due process, because, at the time of the hearing, petitioner had served less

27

28       [1]All references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

2

1   than thirteen years of his sentence of sixteen years to life.  (Id.)  Petitioner then filed a

2   petition for review in the California Supreme Court; the petition was summarily denied on

3   August 8, 2007.  (Ex. G.)

4          Petitioner next filed the instant petition, in which he claims the Board did not provide

5   him with a hearing that met the requirements of federal due process.  In particular, petitioner

6   alleges the decision to deny parole was not supported by some evidence that petitioner at that

7   time posed a current danger to society if released, but, instead, was based solely on the

8   circumstances of the commitment offense and petitioner's pre-commitment conduct.

**DISCUSSION**

9

10  A.     Standard of Review

11         A federal district court may entertain a petition for writ of habeas corpus "in behalf of

12  a person in custody pursuant to the judgment of a State court only on the ground that he is in

13  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

14  § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on

15  the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a

16  decision that was contrary to, or involved an unreasonable application of, clearly established

17  Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

18  decision that was based on an unreasonable determination of the facts in light of the evidence

19  presented in the State court proceeding."  28 U.S.C. § 2254(d); see Williams (Terry) v.

20  Taylor, 529 U.S. 362, 409-13 (2000).   Section 2254(d) applies to a habeas petition filed by a

21  state prisoner challenging the denial of parole.  Sass v. California Board of Prison Terms, 461

22  F.3d 1123, 1126-27 (9th Cir. 2006).

23         Here, as noted, the California Supreme Court summarily denied review of petitioner's

24  claims.  The California Court of Appeal thus was the highest state court to address the merits

25  of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews

26  under § 2254(d).  See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming,

27  423 F.3d 1085, 1091-92 (9th Cir. 2005).

28  B.     Petitioner's Claims

United States District Court

For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   Under California law, prisoners serving indeterminate life sentences, like petitioner

2   herein, become eligible for parole after serving minimum terms of confinement required by

3   statute.  In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005).  Regardless of the length of time

4   served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of

5   the panel the prisoner will pose an unreasonable risk of danger to society if released from

6   prison."  Cal. Code Regs. tit. 15 ("CCR"), § 2402(a).  In making the determination as to

7   whether a prisoner is suitable for parole, the Board must consider various factors specified by

8   state statute and parole regulations.  In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR

9   § 2402(b)–(d).  When a state court reviews a Board's decision denying parole, the relevant

10  inquiry is whether "some evidence" supports the decision of the Board that the inmate poses

11  a current threat to public safety.  In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

12  As noted, petitioner claims the Board did not provide him with a hearing that met the

13  requirements of federal due process, because, petitioner contends, the decision to deny parole

14  was not supported by some evidence that petitioner at that time posed a current danger to

15  society if released, but, instead, was based solely on the circumstances of the commitment

16  offense and petitioner's pre-commitment conduct.

17  Federal habeas corpus relief is unavailable for an error of state law.  Swarthout v.

18  Cooke, No. 10-333, – S. Ct. –, 2011 WL 197627 at *2 (U.S. Jan. 24, 2011) (per curiam).

19  Under certain circumstances, however, state law may create a liberty or property interest that

20  is entitled to the protections of federal due process.  In particular, while there is "no

21  constitutional or inherent right of a convicted person to be conditionally released before the

22  expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,

23  442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may

24  create a presumption that parole release will be granted when, or unless, certain designated

25  findings are made, and thereby give rise to a constitutionally protected liberty interest.  See

26  id. at 11-12.  The Ninth Circuit has determined California law creates such a liberty interest

27  in release on parole.  Cooke, 2011 WL 197627 at *2.

28  When a state creates a liberty interest, the Due Process Clause requires fair procedures

4

for its vindication, and federal courts will review the application of those constitutionally required procedures. Id.  In the context of parole, the procedures necessary to vindicate such interest are minimal: a prisoner receives adequate process when "he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." Id.  "The Constitution does not require more." Id.

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. See id. (finding process adequate where petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied").  Specifically, the record shows petitioner was represented by counsel at the hearing (Ex. A at 2:5); petitioner's counsel was provided with copies of the documents reviewed by the Board at the hearing (Ex. A at 3:15-4:1); petitioner discussed with the Board his acceptance of responsibility for his role in the commitment offense, his personal background, his parole plans, his achievements while incarcerated, the psychological reports prepared for the hearing, and other factors considered by the Board (Ex. A at 8-55); petitioner's counsel questioned petitioner, and both petitioner and his counsel made statements advocating petitioner's release (Ex. A at 55-58, 61-64); and petitioner received a thorough explanation as to why the Board denied parole (Ex. A at 65-72).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 2011 WL at *3.  The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds the state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of,

clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Accordingly, the petition for a writ of habeas corpus will be denied.

C.      Certificate of Appealability

A certificate of appealability will be denied as to petitioner's claim.  See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner).  Specifically, petitioner has neither made "a substantial showing of the denial of a constitutional right," Hayward v. Marshall, 603 F.3d 546, 554-55 (9th Cir. 2010) (en banc) (citing 28 U.S.C. § 2253(c)(2)), nor demonstrated that his claim is "debatable among reasonable jurists."  Id. at 555.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.  The petition for a writ of habeas corpus is hereby DENIED.

2.  A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: February 9, 2011

MAXINE M. CHESNEY
United States District Judge